UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EILEEN KATES,

       Plaintiff,

v.                               CASE NO.:  8:22-cv-342-VMC-TGW

CHRIS NOCCO, in his official
capacity as Pasco County Sheriff,

       Defendant,

_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF SHERIFF NOCCO

Defendant Chris Nocco, in his official capacity as Sheriff of Pasco County, Florida, answers Plaintiff's Complaint as follows:

Any allegation of liability in the Introduction is denied.  The description of the ILP philosophy is inaccurate and misleading.

1.     Admitted Plaintiff resides or resided in Pasco County, otherwise without knowledge and therefore denied.

2.     Without knowledge as to current residence and therefore denied.

3.     Without knowledge as to current residence and therefore denied; otherwise denied.

4.     Without knowledge and therefore denied.

5.     Denied.

6.     Denied.

7.     Denied.

8.     Admitted.

9.     Admitted.

10.    Admitted as to capacity of suit, liability is denied.

11.    Denied as framed.  It is admitted that the Sheriff is the final policy-maker for the Sheriff's Office.

12.    It is admitted that the Sheriff is the final policy-maker for the Sheriff's Office, but denied that he is "responsible" for every act of every deputy or employee under the legal claims made in this case.

13.    Denied.

14.    Denied as framed.  It is admitted that Pasco County provides a portion of the Sheriff's budget, however the Sheriff is a state constitutional officer and not a county official.

15.     Liability is denied.

16.     Liability is denied.  Entitlement to declaratory and injunctive relief is denied.

17.    Liability is denied.

18.    It is admitted that the Court has jurisdiction over the claims asserted, but application of 28 U.S.C. 1343 is incorrect because the claims made in this case do

not implicate §1985 or any other relevant statute; 28 U.S.C. §§2201 and 2202 are also inapplicable.

19.    Admitted.

20.    It is admitted that the Sheriff is the final policy-maker for the Sheriff's Office, but denied that he is "responsible" for every act of every deputy or employee under the legal claims made in this case.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied as an out of context and inaccurate representation of the Sheriff's comments.

25.    Denied as framed.  The ILP focuses attention and resources on persons identified as contributing to the criminal environment.

26.    Denied as vague and incapable of response.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Defendant is uncertain at this moment as to the exact prolific offender status, including dates, and so denies the allegation at this time.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Defendant is uncertain at this moment as to the exact details of the alleged incident and so denies the allegation at this time.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

4

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Defendant is uncertain at this moment as to the exact details of the

alleged incident and so denies the allegation at this time.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Defendant is uncertain at this moment as to the exact prolific offender status, including dates, and so denies the allegation at this time.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Defendant is uncertain at this moment as to the exact details of code violation citations and so denies the allegation at this time.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Without knowledge and therefore denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

## Count I – Fourth Amendment Claim

89.    The responses to paragraphs 1-88 are restated and fully incorporated

herein.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

## Count II – First Amendment Claim

97.    The responses to paragraphs 1-88 are restated and fully incorporated

herein.

98.   Denied.

99.   Denied.

100.   Denied.

101.   Denied.

102.   Denied.

103.   Denied.

104.   Denied.

105.   Denied.

**Count III Fourteenth Amendment Due Process Claim**

106.   The responses to paragraphs 1-88 are restated and fully incorporated herein.

107.   Denied as an oversimplistic statement of the law.

108.   Denied as an oversimplistic statement of the law.

109.   Denied.

110.   Denied.

111.   Denied.

112.   Denied.

113.   Denied.

114.   Denied.

115.   Denied.

116.   Denied.

## **Count IV – Fourteenth Amendment Equal Protection Claim**

117.   The responses to paragraphs 1-88 are restated and fully incorporated herein.

118.   Denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Without knowledge and therefore denied.  Also denied as vague.

124.   Denied.

125.   Denied.

All claims in the "Prayer for Relief" (A through I) are denied.  Additionally, Plaintiff's damages are denied.  Plaintiff's right to any sort of equitable relief, or declaratory or injunctive relief, are denied.   Liability is denied.


## **General Denial**

Any allegation of the Complaint not expressly admitted herein is denied.

9

## Affirmative Defenses

### First Affirmative Defense

Any claim based on an incident occurring more than four years prior to the filing of the Complaint is barred by the statute of limitations.

### Second Affirmative Defense

Plaintiff lacks standing to challenge any aspect of the described program or activities of the Sheriff which were not applied to her.

### Third Affirmative Defense

Plaintiff lacks standing to seek future injunctive relief as to any aspect of the described program or activities of the Sheriff which are not likely to be applied to her in the future.

### Fourth Affirmative Defense

As to any claim based on an arrest or code violation citation, to the extent that Plaintiff was adjudicated guilty, pled guilty, had adjudication withheld but was sentenced or paid any fine, the claim is barred by *Heck v. Humphrey* or similar abstention doctrines.

## **<u>Fifth Affirmative Defense</u>**

The claims made in this case raise political or policy issues, not legal or constitutional ones, and so the Court lacks jurisdiction to grant the relief requested under the doctrine of separation of powers.

## **<u>Sixth Affirmative Defense</u>**

To the extent it is an Affirmative Defense to the equal protection claim (or any other claim), the ILP and the actions of the Sheriff are justified on a rational basis test.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 24th day of March, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Paul Thanasides, Esquire** (*paul@mcintyrefirm.com*), **Joshua Smith, Esquire** (*joshua@mcintyrefirm.com*) and **Mouhannad Atfeh, Esquire** (*matfeh@mcintyrefirm.com*) (*clservice@mcintyrefirm.com, complexlit@mcintyrefirm.com*), McIntyre Thanasides Bringgold Elliott Grimaldi Guito & Matthews, P.A., 500 E. Kennedy Boulevard, Suite 200, Tampa, Florida 33602.

*s/ Thomas W. Poulton*
THOMAS W. POULTON, ESQ.
Florida Bar No.: 0083798
*poulton@debevoisepoulton.com*
JEFFREY K. GRANT, ESQ.
Florida Bar No.: 0091197
*grant@debevoisepoulton.com*
ERIN M. TUECHE, ESQ.
Florida  Bar No.: 0045104
*tueche@debevoisepoulton.com*
ROBERT D. HOLBORN II, ESQ.
Florida Bar No.:  44186
*holborn@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
1035 S. Semoran Boulevard, Suite 1010
Winter Park, Florida  32792
Telephone:  407-673-5000
Facsimile:   321-203-4304
Attorneys for Defendant Sheriff Nocco