IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EILEEN KATES,
Plaintiff,

Case No.: 8:22-cv-00342-VMC-TGW

v.

CHRIS NOCCO, In His Official
Capacity As Pasco County Sheriff,
    Defendant.
_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S
AFFIRMATIVE DEFENSES AND MOTION FOR
MORE DEFINITE STATEMENT**

Plaintiff Eileen Kates ("Kates"), pursuant to Federal Rules of Civil Procedure 12(e) and 12(f), files this Motion to direct Defendant to provide a more definite statement regarding Defendant's Second and Third Affirmative Defenses; to strike Defendant Sheriff Nocco's ("Nocco") Fourth and Fifth Affirmative Defenses and, in the alternative, direct Defendant to provide a more definite statement regarding Defendant's Fourth and Fifth Affirmative Defenses, stating:

**PRELIMINARY STATEMENT**

1.    Kates filed a four-count Complaint against Nocco, in his official capacity as Sheriff of Pasco County, on February 9, 2022.

2. On March 24, 2022, Defendant filed his Answer and Affirmative Defenses.

3. Defendant's Second Affirmative Defense states that Plaintiff lacks standing for actions of the PCSO which were "not applied to her."

4. Plaintiff has pled, in detail, the actions of PCSO deputies which have targeted her, and her residence within which several of her family members reside, including her minor grandchildren.

5. Defendant does not explain what it means for PCSO's actions or programs to "apply to" Plaintiff, and therefore Plaintiff lacks the necessary information required to respond appropriately.

6. Defendant's Third Affirmative Defense similarly states that Plaintiff lacks standing to seek future injunctive relief for programs or activities "not likely to be applied to her in the future."

7. Defendant does not explain what it means for PCSO's actions or programs to "apply to" Plaintiff, and therefore Plaintiff lacks the necessary information required to respond appropriately.

8. Defendant's Fourth Affirmative Defense states, in part, that any claim by Plaintiff, based on a code violation or citation which was paid or adjudicated guilty, is barred.

9. Defendant cites to *Heck v Humphrey* to support his Fourth Affirmative Defense.

10. *Heck v Humphrey* establishes, as a prerequisite to filing a § 1983 action challenging outstanding criminal convictions or sentences, that said criminal convictions or sentences are favorably terminated.

11. *Heck v Humphrey* makes no mention of, and has no application to, civil code citations or violations.

12. Defendant's contention in his Fourth Affirmative Defense is an incorrect statement of the law, and Defendant has no legal basis for his Fourth Affirmative Defense.

13. Defendant's Fifth Affirmative Defense states that Plaintiff's Complaint merely raises political or policy issues, does not raise "legal or constitutional" issues, and therefore the Court lacks jurisdiction to grant the requested relief.

14. Plaintiff's Complaint is a four-count complaint which alleges violations of Plaintiff's First, Fourth and Fourteenth Amendment rights, and seeks relief pursuant to 42 U.S.C. § 1983.

15. Defendant's Fifth Affirmative Defense is a bare bones conclusory allegation that is a patently frivolous statement in the face of the pleadings.

## MEMORANDUM OF LAW

An affirmative defense is a defense "that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 688, 671 (S.D. Fla. 2013). A defense which addresses a defect in a party's claim, or which fails to put the opposing party on notice of the nature of the defense is not a properly asserted affirmative defense. *Id*.

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12.

The Eleventh Circuit is split as to whether the heightened pleading standard of Fed. R. Civ. P. 8(a), as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies to affirmative defenses. *See also Moore v. R. Craig Hemphill & Associates*, 3:13-CV-900-J-39-PDB, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014). At one point, the majority "held that the *Iqbal* and *Twombly* standard does apply to affirmative defenses. *Adams v. JP Morgan Chase Bank, N.A.*, 3:11-CV-337-J-37MCR, 2011 WL 2938467, at *2 (M.D. Fla. July 21, 2011). Shortly thereafter, the same Court found that application of the heightened pleading standard had become the minority approach. *Moore v. R. Craig*

*Hemphill & Associates*, 3:13-CV-900-J-39-PDB, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014).

Regardless of the pleading standard, an affirmative defense is insufficient as a matter of law where: "'(1) in the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). An affirmative defense "must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations" or is "insufficient as a matter of law." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013). In evaluating the sufficiency of an affirmative defense, the Court should not consider matters beyond the pleadings. *Id*.

## DEFENDANT'S AFFIRMATIVE DEFENSES 2-5 ARE LEGALLY INSUFFICIENT

Defendant's Second and Third Affirmative Defenses are too vague to provide notice of the nature of the defense. The former states that Plaintiff lacks standing for causes of action which are based on PCSO actions not "applied to" Plaintiff, and the latter states that Plaintiff lacks standing to seek injunctions for future PCSO actions not likely to "apply to" Plaintiff. In light of the fact that Defendant's ILP Program claims only Plaintiff's son as its target, to the exclusion of Plaintiff, it is entirely unclear what Defendant means when distinguishing PCSO "actions and programs" that do "apply" to Plaintiff from those that do not. This tenuous distinction goes to the very meaning of Defendant's Second and Third Affirmative Defenses, rendering

them unintelligible, inadequate to provide any meaningful notice to Plaintiff, and requiring that Defendant's Second and Third Affirmative Defenses be amended to provide a more definite statement.

Defendant's Fourth Affirmative Defense is invalid as a matter of law and therefore must be stricken. Defendant generally cites to *Heck v Humphrey*, 512 U.S. 477 (1994), raising the defense: "to the extent that Plaintiff was adjudicated guilty, pled guilty, had adjudication withheld but was sentenced or paid any fine, the claim is barred by *Heck v. Humphrey* or similar abstention doctrines." *Heck v Humphrey* establishes, as a prerequisite to filing a § 1983 action challenging outstanding *criminal convictions or sentences*, that said criminal convictions or sentences are favorably terminated. Plaintiff has not pled and is not challenging any arrests, criminal convictions, or sentences, resulting from PCSO violations of Plaintiff's constitutional rights. Therefore, to the extent that this Affirmative Defense is predicated on any of the aforementioned criminal proceedings, the Defense is patently frivolous in the face of the pleadings. To the extent that Defendant seeks to extend the Court's ruling in *Heck v Humphrey* to civil code violations, Defendant's contention is entirely unsupported as pled in this affirmative defense; therefore, it is invalid as a matter of law.

Defendant's Fifth Affirmative Defense – which states that "the claims made in this case raise political or policy issues, not legal or constitutional ones" – is

patently frivolous in the face of the pleadings and must therefore also be stricken. Plaintiff has explicitly alleged that the ILP Program, as currently constituted and enforced, involves strategies and policies that violate the First, Fourth, and Fourteenth Amendments to the U.S. Constitution. Plaintiff has properly pled four causes of action against Sheriff Nocco in his official capacity as Sheriff of Pasco County, pursuant to 42 U.S.C. § 1983, based on Defendant's authorization and implementation of the PCSO's ILP Program. Plaintiff has supported her allegations with a 125-paragraph Complaint which details the unconstitutional policies and customs of the ILP Program, a series of incidents which have rendered Plaintiff a direct victim of these policies and customs, and the exact manner in which the actions of PCSO Deputies, pursuant to the ILP Program, have violated her aforementioned constitutional rights. Defendant's contentions regarding potential policy and political issues raised by Plaintiff's allegations have no bearing on the fact that Plaintiff has explicitly raised multiple legal issues related to the constitutionality of the ILP Program. Additionally, in evaluating the sufficiency of an affirmative defense, the Court should not consider matters beyond the pleadings. The potential policy or political implications of Plaintiff's allegations are plainly beyond the pleadings. Therefore, Defendant's Fifth Affirmative Defense must also be stricken as legally insufficient.

## LOCAL RULE 3.01(G) CERTIFICATION

The undersigned has attempted to communicate with Defendant's counsel, who was unavailable. The undersigned and Defendant's counsel have scheduled a conference for Monday, April 18, and the undersigned will supplement this motion in accordance with Local Rule 3.01(g)(3) after that conference.

WHEREFORE, Plaintiff respectfully requests that the Court grant its Motion, direct Defendant to provide a more definite statement regarding Affirmative Defenses Two and Three; to strike Defendant's Fourth and Fifth Affirmative Defenses, or in the alternative, direct Defendant to provide a more definite statement for Affirmative Defenses Four and Five, and grant such other relief as the court deems just and proper.

Dated: April 14, 2022

                                                       Respectfully Submitted,

                                                       <u>/s/ Joshua Smith</u>
                                                       Paul Thanasides
                                                       Florida Bar No.: 103039
                                                       paul@mcintyrefirm.com
                                                       clservice@mcintyrefirm.com
                                                       Joshua Smith
                                                       Florida Bar No.: 108915
                                                       joshua@mcintyrefirm.com
                                                       Mouhannad Atfeh
                                                       Florida Bar No.: 1019331
                                                       matfeh@mcintyrefirm.com
                                                       complexlit@mcintyrefirm.com
                                                       McIntyre Thanasides Bringgold Elliott
                                                          Grimaldi Guito & Matthews, P.A.
                                                       500 E. Kennedy Blvd., Suite 200

Tampa, FL 33602<br>
Telephone: 813.223.0000<br>
Facsimile: 813.225.1221<br>
***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 14, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

Thomas W. Poulton, Esq.
poulton@debevoisepoulton.com
Robert D. Holborn II, Esq.
holborn@debevoisepoulton.com
DeBevoise & Poulton, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Boulevard
Winter Park, Florida 32792
Telephone: 407.673.5000
Facsimile: 321.203.4304
***Attorneys for Defendant Sheriff Nocco***

<u>/s/ Joshua Smith</u><br>
Attorney