UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EILEEN KATES,

      Plaintiff,

v.                                                CASE NO.:  8:22-cv-342-VMC-TGW

CHRIS NOCCO, in his official
capacity as Pasco County Sheriff,

      Defendant,
_____/

## DEFENDANT SHERIFF NOCCO'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES, OR FOR MORE DEFINITE STATEMENT (Dkt. 24)

Defendant Pasco County Sheriff Chris Nocco, by and through undersigned counsel and pursuant to Local Rule 3.01(b), Federal Rules of Civil Procedure 8 and 12, and the Court's Order of April 24, 2002 (Dkt. 28), hereby responds in opposition to Plaintiff's original Motion to Strike Defendant's Affirmative Defenses and Motion for More Definite Statement (Dkt. 24).

Plaintiff seeks an Order requiring a more definite statement as to the Defendant's Second and Third Affirmative Defenses and striking or requiring a more definite statement as to Affirmative Defenses Four and Five.  The purpose of an affirmative defense is to place the Plaintiff on notice of a possible defense based on what discovery might reveal, and as long as the defense has any connection to the

action and otherwise meets the general pleading requirements of Rule 8, motions to strike under Rule 12 are disfavored.  As aptly summarized by Judge Merryday:

> [M]otions to strike affirmative defenses are usually denied unless: (1) the affirmative defense has no possible relation to the controversy and may cause prejudice to one of the parties, *Harvey v. Home Depot U.S.A., Inc.*, No. 8:05-cv-936-T-24EAJ, 2005 WL 1421170 *1 (M.D. Fla. June 17, 2005), or (2) the affirmative defense fails to satisfy the general pleading requirements of Federal Rule of Civil Procedure 8, which requires a party to "state in short and plain terms its defense to each claim asserted against it." Fed. R. Civ. P. 8(b)(1); *see also Muschong v. Millennium Physician Group, LLC*, No. 2:13-cv-705-FtM-38CM, 2014 WL 1268574, *1 (M.D. Fla. Mar. 25, 2014). The purpose of pleading affirmative defenses is to provide fair notice to the plaintiff of issues that may be raised at trial. *Luxottica Grp. S.P.A. v. Cash Am. E., Inc.*, 198 F. Supp. 3d 1327, 1328 (M.D. Fla. 2016).
>
> An affirmative defense will be stricken only if it is insufficient as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). Even deficient defenses, to the extent that they raise relevant and substantial legal and factual questions, may survive a motion to strike. *Muschong*, 2014 WL 1268574, at *1. Denials, for example, that do not meet the technical definition of an affirmative defense, should not be stricken. *Id.* (citing *Lugo v. Cocozella, LLC*, No. 12-80825-CIV, 2012 WL 5986775, *1 (S.D. Fla. Nov. 29, 2012))).
>
> *Southern-Owners Insurance Company v. Phonex Realty Homes, Inc.*,
> Case No. 5:20-cv-384, 2020 WL 9209277 * 1 (M.D.Fla. December 9, 2020)

### **Affirmative Defenses Two and Three regarding standing**

Plaintiff's Complaint (Dkt. 1) criticizes the Sheriff's Intelligence Led Policing (ILP) approach to dealing with repeat and active offenders in Pasco County.  She contends that in 2021 her son was designated a prolific offender under ILP.  She does not state how long he had that designation.  Critically, Plaintiff does not allege that *she*

2

was, herself, ever designated as a prolific offender. She instead alleges that, as a consequence of the prolific offender status *to her son*, some aspects of ILP such as visits to her home and issuance of code violations citations, were applied to her.

Importantly for purposes of the instant motion, Plaintiff seeks a declaratory judgment that the *entirety* of ILP is unconstitutional. This includes both the effects she said she encountered and the designation of people as prolific offenders. (See Dkt. 1, p. 24). She seeks compensatory damages but also prospective relief in the form of an injunction against continued enforcement of any aspect of ILP that "allows the PCSO to violate its citizens constitutional rights." *Id*.

The second and third affirmative defenses raise standing as an issue that may apply to this case because it is not evident on the face of the Complaint – and the Defendant has a good faith basis to maintain – that not all aspects or components of ILP were applied to Plaintiff or to her son. Plaintiff's motion argues that these standing defenses do not adequately allege the basis for contending Plaintiff does not have standing to challenge aspects of the program that were not applied to her.

First, it is debatable whether standing is an affirmative defense or just a denial as standing is a part of jurisdiction and therefore always an issue in any case. Regardless, even if it is technically just a denial it should still be raised, even as an affirmative defense. This Court recently reached that very conclusion in relation to standing affirmative defenses in *Boudreau v. Nocco*, Case No. 8:21-cv-1158, 2021 WL

3

3773412 *2 (M.D.Fla. August 25, 2021) (declining to strike an affirmative defense raising standing and treating it as a denial because it "serves the laudable purpose of letting" the plaintiff know the Sheriff's position).

Second, the standing defenses (or denials if the Court prefers) are legally relevant to the claims here especially because Plaintiff seeks declaratory and injunctive relief against the entirety of ILP. *Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir. 1994) (standing depends on violation of plaintiff's "own legal rights and interests rather than the legal rights and interests of third parties"); *L.M.P. v. School Board of Broward County, Fla.*, 879 F.3d 1274 (11th Cir. 2018) (parents sued challenging criteria used to deliver therapy to their children but parents lacked standing to challenge that criteria because it was not applied to them). Even more particularly as to the prospective injunctive relief sought here, Plaintiff would have to show that ILP is likely to be applied *to her* in the future. *City of Los Angeles v. Lyons*, 461 U.S. 95, 97-98 (1983) (past injury insufficient to confer standing for prospective relief).

The Defendant believes that the Second and Third Affirmative Defenses should not be stricken (and standing could never be rendered moot by such a motion, anyway). But, after the motion was filed, counsel for Defendant and Plaintiff discussed the issue. Defense counsel offered to amend the Second and Third Affirmative Defenses to state:

### Second Affirmative Defense

Plaintiff lacks standing to challenge any aspect of the described program or activities of the Sheriff which were not applied to her or which, if applied to another, had an unconstitutional effect on her.

### Third Affirmative Defense

Plaintiff lacks standing to seek future injunctive relief as to any aspect of the described program or activities of the Sheriff which are not likely to be applied to her in the future, or which, if applied to another, has an unconstitutional effect on her.

Plaintiff's counsel stated he was satisfied with that to resolve the issue as to Affirmative Defenses Two and Three and so indicated in his recently-filed, but stricken, amended motion to strike affirmative defenses. (Dkt. 27). The issue would thus appear to be moot, but if the Court decides that the litigation would be better served by amending of the Second and Third Affirmative Defenses as above, defense counsel is certainly willing to do so and would request leave to do so.

### Affirmative Defense Four

In the Complaint, Plaintiff asserts claims under the Fourth Amendment. She specifically asserts that "searches and seizures" occurred as "punishment" for choosing to associate with her son when he had a prolific offender designation. (Dkt. 1, ¶ 33). In the very next paragraph, she asserts that code violation citations are issued "as a pretext for further intrusion," harassment, coercion, and punishment in violation of the Fourteenth Amendment. (Id., ¶ 34). She alleges at various points that code violation citations were issued for various purposes she criticizes. (see e.g. ¶ 42, alleging that

5

deputies threatened Plaintiff for considering the making of a complaint and discussed citations that could be issued; ¶78 and 79 concerning citations issued as punishment for her affiliation with her son).

What is missing, however, is a claim that the citations were objectively incorrect, i.e. that any given citation was not supported by probable cause that there was a violation. At this stage, the Defendant does not know whether the Plaintiff might have paid a given citation, negotiated it, resolved the violation in lieu of a fine, went to Court and protested it, or any other outcome that might have ensued. The affirmative defense as currently pled states that, to the extent that Plaintiff was adjudicated guilty, pled guilty, had adjudication withheld or paid any fine, then *Heck v. Humphrey* (512 U.S. 477 (1994) "or similar abstention doctrine" bars a claim related to the citation.[1]

When later discussing this issue with Plaintiff's counsel, defense counsel offered to revise the defense to also specifically invoke *Younger v. Harris*, 401 U.S. 37 (1971) to further elaborate, but this was not acceptable to Plaintiff's counsel. As to the currently pending motion at Dkt. 24, Plaintiff argues in substance that *Heck* does not apply in this case because she is not challenging criminal convictions or sentences. (Dkt. 24, p. 24). First, Defendant is unsure of the outcome of each citation Plaintiff might have been issued and so cannot agree that there is no way that *Heck* would apply,

---

[1] It does not appear that Plaintiff is claiming she was every formally arrested for any offense related to this matter but Defendant also included that possibility in the Affirmative Defense should it arise as an issue in this case.

especially given the manner in which Plaintiff's Complaint appears to merge the concepts of code enforcement and Fourth Amendment seizures and seizures. Second, the motion fails to account for the remaining language of the affirmative defense beyond *Heck*, i.e. "or other similar abstention doctrines."

Regardless of which abstention doctrine actually might ultimately apply on summary judgment (*Heck*, *Younger*, or some other one not yet identified by name), the purpose of the affirmative defense is to put the Plaintiff on notice that the defense believes that if a fine was paid or there was an adjudication or some other act indicating that a given code violation was meritorious when written then Plaintiff should not be able to use the mechanism of a federal lawsuit to revisit whatever complaint or criticism she might have had concerning it when the matter was pending in state or county court.

Affirmative Defense Four should stand as is; but as above if the Court believes it would serve the purpose of clarifying the litigation the Defendant is certainly willing to add citation to *Younger* as a possible alternative issue. The point is, it advises the Plaintiff and the Court of the issue. The propriety of abstention can be determined on summary judgment when the facts are known as to given citations.

### Fifth Affirmative Defense

Plaintiff's argument is troubling as to this defense because it does not cite the defense in full. The defense as pled is: "The claims made in this case raise political

or policy issues, not legal or constitutional ones, *and so the Court lacks jurisdiction to grant the relief requested under the doctrine of separation of powers*." (emphasis added).

In her motion, Plaintiff really argues based on only the first portion of the defense, that the "claims made in this case raise political or policy issues, not constitutional ones," but then ignores the critical point of the language that follows, i.e. that as a result the Court lacks jurisdiction to grant the relief sought *under the doctrine of separation of powers*.

In her Complaint, Plaintiff asks that the Court order the Sheriff to stop use of the ILP approach to crime. But, if in fact Plaintiff's criticisms fall short of being constitutional in dimension and are simply criticisms of the efficacy of the program or the wisdom of certain approaches to deployment of the local agency's resources in connection with it, then Defendant respectfully submits that the Court should defer to the Sheriff on his exercise of discretion as a local law enforcement officer and to not go so far as to enter the injunctive relief sought by Plaintiff. *Baker v. Carr*, 369 U.S. 186, 210 (1962), ("[t]he nonjusticiability of a political question is primarily a function of the separation of powers.")  The Court should not involve itself in exercise of what amounts to the Sheriff's exercise of discretion when the Court is asked to formulate a policy "for which judicially manageable standards are lacking." *Id.* at 226.

Again, the point of the affirmative defense is to put the Plaintiff on notice that he believes that the some or all of the criticisms that Plaintiff is raising as to ILP will ultimately come down to criticisms not of constitutional dimension such that the Court should not enjoin or otherwise restrict the Sheriff's exercise of his discretion as Sheriff. The issue raised by the defense has a clear connection to the case and apprises the Plaintiff of the point to be raised. There is no need to amplify that defense any further and Affirmative Defense Five should stand, as is.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of April, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Paul Thanasides, Esq., Joshua Smith, Esq., and Mouhannad Atfeh, Esq., *paul@mcintyrefirm.com* *matfeh@mcintyrefirm.com, joshua@mcintyrefirm.com*, McIntyre Thanasides Bringgold Elliott Grimaldi Guito & Matthews, P.A., 500 E. Kennedy Boulevard, Suite 200, Tampa, Florida 33602.

*s/ Thomas W. Poulton*
THOMAS W. POULTON, ESQ.
Florida Bar No. 0083798
*poulton@debevoisepoulton.com*
JEFFREY K. GRANT, ESQ.
Florida Bar No.: 0091197
Email:  *grant@debevoisepoulton.com*
ERIN M. TUECHE, ESQ.
Florida Bar No.: 0045104
Email:  *tueche@debevoisepoulton.com*
ROBERT D. HOLBORN, II, ESQ.
Florida Bar No.: 0044186
Email:  *holborn@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Boulevard
Winter Park, Florida  32792
Telephone:  407-673-5000
Facsimile:   321-203-4304
Attorneys for Defendant Sheriff Nocco