```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

EILEEN KATES,

    Plaintiff,
v.                                    Case No. 8:22-cv-342-VMC-TGW

CHRIS NOCCO,
in his official capacity as
Sheriff of Pasco County,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Plaintiff Eileen Kates's Motion to Strike Defendant's Affirmative Defenses and Motion for More Definite Statement (Doc. # 24), filed on April 14, 2022. Defendant Sheriff Chris Nocco responded on April 25, 2022. (Doc. # 29). For the reasons that follow, the Motion is denied.

**I.   Background**

Kates initiated this action against Nocco, in his official capacity as Sheriff of Pasco County, on February 9, 2022, regarding Nocco's Intelligence Led Policing Program ("ILP"). (Doc. # 1). The complaint asserts Section 1983 claims based on alleged violations of the First, Fourth, and Fourteenth Amendments. (Id.).

1

Nocco filed his answer and affirmative defenses on March 24, 2022. (Doc. # 21). Therein, Nocco asserts six affirmative defenses. (Id. at 10-11).

Now, Kates seeks a more definite statement of the second and third affirmative defenses and to strike the fourth and fifth affirmative defenses, or alternatively, to obtain a more definite statement of those defenses as well. (Doc. # 24). Nocco has responded (Doc. # 29), and the Motion is ripe for review.

## II.  Legal Standard

"Affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8." Carrero v. Citimortgage, Inc., No. 8:15-cv-2915-VMC-AAS, 2016 WL 1464108, at *2 (M.D. Fla. Apr. 14, 2016). Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). "[T]his Court finds persuasive the logic of those district courts in the Eleventh Circuit that have found that affirmative defenses should not be held to the Twombly pleading standard." Nobles v. Convergent Healthcare Recoveries, Inc., No. 8:15-cv-1745-JSM-MAP, 2015 WL 5098877, at *2 (M.D. Fla. Aug. 31, 2015).

2

Affirmative defenses challenged by a motion to strike are also evaluated under Rule 12(f), which provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their "drastic nature" and are often considered "time wasters." Royal Ins. Co. of Am. v. M/Y Anastasia, No. 95-cv-30498, 1997 WL 608722, at *3 (N.D. Fla. Jan. 30, 1997); Molina v. SMI Sec. Mgmt., Inc., No. 11-24245-CIV, 2013 WL 12092070, at *4 (S.D. Fla. Mar. 22, 2013) ("Motions to strike . . . are disfavored by courts.").

Thus, "[a]n affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" Microsoft Corp. v. Jesse's Computs. & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citation omitted). An affirmative "defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Id. "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." Reyher v. Trans World Airlines,

3

Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citation omitted).

Additionally, under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such motions are disfavored because the Federal Rules generally require only notice pleadings. Scarfato v. Nat'l Cash Reg. Corp., 830 F. Supp. 1441, 1443 (M.D. Fla. 1993). Therefore, "[t]he basis for requiring a more definite statement is not that the [pleading] lacked details but rather that the [pleading] is unintelligible and the [opposing party] is unable to respond." Riviera Fort Myers Condo. Ass'n, Inc. v. QBE Ins. Corp., No. 2:13-cv-494-SPC-CM, 2013 WL 12388599, at *1 (M.D. Fla. Aug. 14, 2013).

### III. Analysis

#### A. Second and Third Affirmative Defenses

In his second affirmative defense, Nocco states that Kates "lacks standing to challenge any aspect of the described program or activities of the Sheriff which were not applied to her." (Doc. # 21 at 10). In his third affirmative defense, Nocco asserts that Kates "lacks standing to seek future injunctive relief as to any aspect of the described program

4

or activities of the Sheriff which are not likely to be applied to her in the future." (Id.).

Kates argues these defenses are "too vague to provide notice of the nature of the defense[s]" because it is "unclear what [Nocco] means when distinguishing PCSO 'actions and programs' that do 'apply' to [Kates] from those that do not." (Doc. # 24 at 5). The Court disagrees.

These affirmative defenses are specific denials rather than true affirmative defenses. See Adams v. Jumpstart Wireless Corp., 294 F.R.D. 668, 671 (S.D. Fla. 2013) ("An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters. A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense." (citations omitted)). Nevertheless, they are sufficiently pled to put Kates on notice of the standing issues that Nocco may raise later in this action. See Muschong v. Millennium Physician Grp., LLC, No. 2:13-cv-705-SPC-CM, 2014 WL 3341142, at *3 (M.D. Fla. July 8, 2014) ("Whether regarded as a specific denial or an affirmative defense, Defendants' invocation of standing still 'serve[s] the laudable purpose of placing Plaintiff and the Court on notice of certain issues Defendant

5

intends to assert against Plaintiff's claims.'" (citation omitted)).

Thus, they need not be stricken. See Lugo v. Cocozella, LLC, No. 12-80825-CIV, 2012 WL 5986775, at *1 (S.D. Fla. Nov. 29, 2012) ("[W]hen a party incorrectly labels a negative averment as an affirmative defense rather than as a specific denial, the proper remedy is not [to] strike the claim, but rather to treat [it] as a specific denial."). Furthermore, repleading these affirmative defenses is unnecessary, as they effectively raise the standing issue and the Twombly standard of pleading does not apply.

However, to the extent Nocco is amenable to amending these defenses as stated in his response (Doc. # 29 at 4-5), Nocco may move for leave to file an amended answer and affirmative defenses if he wishes.

**B.   Fourth and Fifth Affirmative Defenses**

In his fourth affirmative defense, Nocco states: "As to any claim based on an arrest or code violation citation, to the extent that [Kates] was adjudicated guilty, pled guilty, had adjudication withheld but was sentenced or paid any fine, the claim is barred by Heck v. Humphrey or similar abstention doctrines." (Doc. # 21 at 10). Finally, the fifth affirmative defense argues that "[t]he claims in this case raise political

6

or policy issues, not legal or constitutional ones, and so the Court lacks jurisdiction to grant the relief requested under the doctrine of separation of powers." (Id. at 11).

Kates argues that these affirmative defenses are either invalid as a matter of law or patently frivolous. (Doc. # 24 at 6-7). Again, the Court disagrees.

Kates has not shown that these affirmative defenses are insufficient as a matter of law or frivolous such that they should be stricken. Indeed, Kates fails to cite any case law establishing that Nocco is foreclosed from raising these defenses. Nor are these defenses so vague or ambiguous that a more definite statement is needed to clarify their basis.

Rather, these affirmative defenses sufficiently put Kates on notice of issues Nocco may raise later in the case. See Reyher, 881 F. Supp. at 576 ("To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." (citation omitted)). As Nocco persuasively puts it, the fourth affirmative defense makes clear that Nocco "believes that if a fine was paid or there was an adjudication . . . that a given code violation was meritorious . . . then [Kates] should not be able to use the mechanism of a federal

7

lawsuit to revisit whatever complaint or criticism she might have had concerning it when the matter was pending in state or county court." (Doc. # 29 at 7). Likewise, the fifth affirmative defense effectively puts Kates on notice that Nocco may argue that "some or all of the criticisms that [Kates] is raising as to ILP will ultimately come down to criticisms not of constitutional dimension such that the Court should not enjoin or otherwise restrict the Sheriff's exercise of his discretion as Sheriff." (Id. at 9).

Thus, the Motion is denied as to these defenses. If Nocco raises these defenses at summary judgment, Kates can brief them more thoroughly at that time.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Eileen Kates's Motion to Strike Defendant's Affirmative Defenses and Motion for More Definite Statement (Doc. # 24) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of April, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE