UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EILEEN KATES,

    Plaintiff,
v.                               Case No. 8:22-cv-342-VMC-TGW

CHRIS NOCCO,
in his official capacity as
Sheriff of Pasco County,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Plaintiff Eileen Kates's Motion to Waive Costs (Doc. # 111), filed on October 20, 2023. Defendant Sheriff Chris Nocco responded on November 1, 2023. (Doc. # 113). For the reasons that follow, the Motion is denied.

**I.**   **Background**

On February 9, 2022, Ms. Kates initiated this action against Sheriff Nocco in his official capacity as Sheriff of Pasco County. (Doc. #1). The complaint asserted violations of the First, Fourth, and Fourteenth Amendments arising out of Sheriff Nocco's Intelligence-Led Policing Program ("ILP Program"). (Id.). The essence of Ms. Kates's claims was that she had "been discriminated against and treated differently by the [Pasco County Sheriff's Office ("PSO")] because her

1

son, Ryan, is a target of the [PSO] based on the ILP Program's crude algorithm's determination that Ryan is a 'prolific offender.'" (Id. at 23).

The case proceeded through discovery, which revealed that Ryan Kates had never been designated as a prolific offender and no prolific offender checks were made to Ms. Kates's home. Rather, all the complained-of visits to Ms. Kates's home occurred because there was an arrest warrant for Ryan Kates, Ryan Kates was the suspect in another criminal investigation, or another of Ms. Kates's family members called the PSO for service.

Apparently recognizing this flaw in her claims, Ms. Kates moved to amend the complaint nearly a year after the deadline to amend and a month after the close of discovery. (Doc. # 57). The Court denied the motion, finding no good cause to allow Ms. Kates to amend the factual and legal bases for her Section 1983 claims after discovery had ended. (Doc. # 60).

Yet, Ms. Kates did not move to voluntarily dismiss this case after her motion to amend was denied. When Sheriff Nocco soon after moved for summary judgment, Ms. Kates opposed the entry of summary judgment. (Doc. # 87). On September 13, 2023, the Court granted summary judgment in favor of Sheriff Nocco.

(Doc. # 107). The Court ruled that the ILP Program was not the moving force behind the alleged constitutional violations because "Ryan Kates was never a 'prolific offender' who — by that designation — became a subject of Sheriff Nocco's ILP Program, along with his family members." (Id. at 26). "Thus, because he was not a 'prolific offender' under the ILP Program and no 'prolific offender checks' were performed at the Kates Home as Ms. Kates alleged, Ms. Kates cannot prove that the policy of the ILP Program was the 'moving force' behind her injuries." (Id.). Judgment was entered the next day. (Doc. # 108).

Subsequently, Sheriff Nocco filed a proposed Bill of Costs on September 27, 2023. (Doc. # 109). On October 13, 2023, the Clerk entered the Bill of Costs, taxing $6,074.90 in costs against Ms. Kates. (Doc. # 110).

Seven days later, on October 20, 2023, Ms. Kates timely filed the instant Motion. (Doc. # 111). Sheriff Nocco has responded (Doc. # 113), and the Motion is ripe for review.

## II. **Legal Standard**

Federal Rule of Civil Procedure 54(d)(1) provides in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. . . . The

3

clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1). "That provision establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." Chapman v. AI Transp., 229 F.3d 1012, 1038 (11th Cir. 2000).

"However, the district court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered, since denial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation." Id. at 1039 (citations and internal quotation marks omitted). "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." Id.

"[A] non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." Id. "If a district court in determining the amount of costs to award chooses to consider the non-prevailing party's financial status, it should require substantial documentation of a true inability to pay." Id. "Even in those rare circumstances where the non-prevailing party's financial circumstances are considered in

4

determining the amount of costs to be awarded, a court may not decline to award any costs at all." Id.

While the Court may consider the non-prevailing party's good faith, "good faith and limited financial resources are not enough to overcome the strong presumption in favor of awarding costs to the prevailing party." Pickett v. Iowa Beef Processors, 149 F. App'x 831, 832 (11th Cir. 2005).

### III. Analysis

Here, Ms. Kates does not challenge as unlawful the type of costs or amount of costs taxed. See (Doc. # 111 at 4) ("Ms. Kates does not dispute that . . . Sheriff Nocco is presumptively entitled to the costs he seeks by rule and statute."). Rather, she requests that the Court exercise its discretion to waive the imposition of all costs. She argues that she cannot afford to pay the costs, she brought her claims in good faith, and imposing costs would have a chilling effect on other potential civil rights plaintiffs. (Id. at 5-9).

The Court sympathizes with Ms. Kates's financial struggles. These struggles, however, are not so dire that they should be considered a factor in the analysis here. See Chapman, 229 F.3d at 1039 (noting that "there [must] be clear proof of the non-prevailing party's **dire** financial

5

circumstances before that factor can be considered" (emphasis added)). Notably, Ms. Kates did not proceed in this case in forma pauperis; rather, she paid the $402 filing fee when the case was initiated. (Doc. # 1). Although Ms. Kates's unsigned declaration states that her only income is $1,355 in monthly Social Security disability benefits, she lives with and splits expenses with her ex-husband, who is employed and earns approximately $2,000 per month. (Doc. # 112 at 2). Thus, her household income is more substantial than her disability benefits alone.

Furthermore, Ms. Kates owns her home and her vehicle outright (Id.) — valuable assets most non-prevailing parties in dire financial circumstances do not possess. See Hall v. Merola, No. 3:15-cv-1054-BJD-PDB, 2020 WL 7047704, at *1 (M.D. Fla. Dec. 1, 2020) (reducing costs by 50% where the indigent plaintiff "was released from prison in mid-2019, and was thereafter civilly detained at the Florida Civil Commitment Center (FCCC)," had "no money in his FCCC resident bank account," and did "not own anything of value"); Jessup v. Miami-Dade Cnty., No. 08-21571-CIV, 2011 WL 294417, at *1 (S.D. Fla. Jan. 27, 2011) (reducing $36,823.43 cost award by 45% where the non-prevailing party "ha[d] no bank accounts, vehicles, real estate, insurance, or any other meaningful

6

assets," and had Social Security income of $650 a month); Hernandez v. Mascara, No. 07-14276-CIV, 2010 WL 11591779, at *1 (S.D. Fla. Sept. 7, 2010) (reducing taxed costs by 90% where the plaintiff was permanently disabled, "destitute," and entirely "dependent on the meager aid that her son and her mother receive from the Mexican government"), report and recommendation adopted, No. 07-14276-CIV, 2011 WL 13263366 (S.D. Fla. Jan. 18, 2011). In short, this is not one of the "rare circumstances," Chapman, 229 F.3d at 1039, in which the Court will consider the non-prevailing party's financial circumstances. See Ramsay v. Broward Cnty. Sheriff's Off., No. 05-61959-CIV, 2008 WL 3851648, at *3 (S.D. Fla. Aug. 14, 2008) (requiring non-prevailing plaintiff to "reimburse Defendant $2,225.17 for costs incurred in its defense" where plaintiff "receives a monthly income of roughly $1000.00 with no substantial savings and no significant assets"); George v. Fla. Dep't of Corr., No. 07-80019-CIV, 2008 WL 2571348, at *8 (S.D. Fla. May 23, 2008) ("[T]he Court finds that George has documented and otherwise demonstrated some hardship in paying costs. He has not, however, shown 'clear proof' of the type of 'dire financial circumstances' required by the Eleventh Circuit for the Court to exercise its discretion to reduce the cost award to FDOC on this basis. Consequently, the

7

undersigned recommends that the Court award costs to FDOC in the amount of $4,055.02."), report and recommendation adopted in part, No. 07-80019-CIV, 2008 WL 11412061 (S.D. Fla. July 7, 2008).

Nor is the Court persuaded by Ms. Kates's other arguments regarding a chilling effect and good faith. Ms. Kates cites one district court case for the proposition that requiring her to pay the taxable costs "would have a chilling effect on future plaintiffs bringing claims." Mamani v. Sanchez Berzain, No. 07-22459-CIV, 2018 WL 7021966, at *1 (S.D. Fla. Dec. 12, 2018) (denying motion to tax costs against non-prevailing and indigent plaintiffs, who were the relatives of Bolivian civilians allegedly killed deliberately by the Bolivian military) (citation omitted).

"Not only is Mamani factually and legally distinguishable from this [case], but [Ms. Kates] cites no Eleventh Circuit authority recognizing a potential 'chilling effect' as a factor district courts may consider in ruling on a motion for taxation of costs." Hall, 2020 WL 7047704, at *2. "On the contrary, the Eleventh Circuit has emphasized Rule 54(d)(1) establishes a presumption that a prevailing party should be awarded costs, and courts should have a 'sound basis' to override that presumption 'since denial of costs is

8

in the nature of a penalty.'" Id. (quoting Chapman, 229 F.3d at 1038-39). Furthermore, "no chilling effect deters a legally and factually sound action, 'civil rights' or otherwise; a chilling effect on a legally and factually marginal or dubious action is a much less consequential matter." Garrett v. Univ. of S. Fla. Bd. of Trustees, No. 8:17-cv-2874-SDM-AAS, 2020 WL 4810301, at *1 (M.D. Fla. July 24, 2020).

Finally, while Ms. Kates emphasizes that she is not a lawyer and insists that her litigation of the case was in good faith, the Court is unpersuaded. The Court does not doubt that Ms. Kates initiated this case in good faith back in February 2022. Yet, even after she learned that neither she nor her son was subject to the prolific offender checks about which she complained, Ms. Kates continued litigating her flawed claims. As the Court noted in its Order denying Ms. Kates's motion to amend, Ms. Kates learned by — at the very latest — early August 2022 that her son was never designated a prolific offender by the PSO. (Doc. # 60 at 7). That is, she became aware at least six months before the discovery deadline and eight months before Sheriff Nocco moved for summary judgment that the entire premise of her complaint was incorrect.

9

Even after the Court denied Ms. Kates's motion to amend her claims' factual and legal underpinning, Ms. Kates did not seek to voluntarily dismiss the case. Instead, she continued litigating and sought to defeat summary judgment. Ms. Kates, who was represented by experienced counsel throughout the entirety of the case, cannot now plead ignorance to avoid paying the costs Sheriff Nocco incurred in defending himself.[1] Importantly, the Eleventh Circuit has advised that "good faith and limited financial resources are not enough to overcome the strong presumption in favor of awarding costs to the prevailing party." Pickett, 149 F. App'x at 832.

In short, the Court in its discretion declines to waive any portion of the taxable costs.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Eileen Kates's Motion to Waive Costs (Doc. # 111) is **DENIED.**

---

[1] The Court also does not agree with Ms. Kates's assertion that she lost on summary judgment because of a mere "pleading issue." (Doc. # 111 at 8). Summary judgment was granted on the merits. Ms. Kates failed to establish that the official policy of the ILP Program was the "moving force" behind any alleged constitutional violations — a necessary component of her claims. (Doc. # 107).

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of November, 2023.

<em>/s/ Virginia M. Hernandez Covington</em><br>
VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE